UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE M. HICKS,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, and TRANS UNION LLC,

Defendants.
_______________________________/

Case No. 4:26-cv-12679
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING EQUIFAX MOTION TO STAY DISCOVERY UNTIL PENDING MOTIONS TO DISMISS ARE DECIDED (ECF No. 16)**
**AND**
**ORDERING PLAINTIFF TO RESPOND TO THE MOTIONS TO DISMISS**

I.

This is a consumer rights case. Plaintiff Dante M. Hicks, proceeding *pro se*, is suing Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC alleging violations of the Fair Credit Reporting Act. Equifax and Trans Union have appeared and have filed separate motions to dismiss on October 19, 2026. (ECF Nos. 15, 17). Equifax also filed a motion to stay discovery during pendency of its motion to dismiss. (ECF No. 16).

II.

The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "it is … clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Equifax argues that a stay of discovery is warranted because it has filed a meritorious motion to dismiss that may dispose of all claims against it. By staying discovery, the Court would prevent contemporaneous efforts that may ultimately prove unnecessary if the case can be decided on the pleadings. The Court agrees, and because a grant of stay is within the Court's inherent power to control its docket, need not wait for a response from Hicks. Requiring the parties to finalize discovery and potentially file further dispositive motions on the merits of the case while this motion is pending prejudices both sides. On the other hand, no party will be prejudiced by a stay of proceedings in the case until the pending dispositive motion is decided. Additional filings would only serve to delay these proceedings and would not be economical for the Court, the litigants, or their counsel.

Therefore, discovery will be stayed until the pending motions to dismiss are fully decided.

III.

For the reasons stated above, Equifax's motion to stay is GRANTED. Discovery in this case is STAYED until Equifax and TransUnion's dispositive motions are decided by the district judge. After the motions are decided, if the case is not fully dismissed, deadlines for discovery and dispositive motions will be issued.

Furthermore, Hicks shall respond to both pending motions to dismiss by **November 20, 2026**. A failure to file timely responses will result in defendants' motions being considered unopposed and may result in a recommendation that the motions be granted and the case be dismissed for failure to prosecute.

SO ORDERED.

Dated: October 20, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager